IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nikia Noisette, | ) | Civil Action No. 2:16-2829-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Holy City Hospitality *and* Embassy Suites, | ) | |
| (Hilton), | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge. For the reasons set forth below, the Court adopts in part and declines to adopt in part the Report and Recommendation, grants Defendant Holy City Hospitality's motion to dismiss, grants Embassy Suites' motion to dismiss, and dismisses the complaint without prejudice.

**I.     Background**

Plaintiff, proceeding *pro se*, filed the present action against Defendants Holy City Hospitality ("HCH") and Embassy Suites (Hilton) on August 12, 2016. Plaintiff alleges she lost her job because of sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, and because she requested a Family and Medical Leave Act ("FMLA") form, in violation of the FMLA. She further alleges that she was "denied unemployment benefits because of what the employer said," she lost her apartment, and suffered "emotional and mental" trauma." (Dkt. No. 1 at 5.) She seeks $150,000 in damages. (Id.) The complaint contains no further factual allegations.

On December 22, 2016, HCH moved to dismiss. (Dkt. No. 18.) Plaintiff filed an opposition to HCH's motion on January 23, 2017. (Dkt. No. 22.) On March 30, 2017, Embassy Suites Management LLC, responding on behalf of "Embassy Suites (Hilton)," moved to dismiss. (Dkt. No. 24.) By order filed March 31, 2017, Plaintiff was advised of the possible consequences

if she failed to respond to the motion by May 1, 2017. (Dkt. No. 27.) Plaintiff did not respond to the motion. On June 9, 2017, the Court extended the time to respond to June 29, 2017. (Dkt. No. 29.) Plaintiff still did not respond to Embassy Suites' motion. On July 13, 2017, the Magistrate Judge recommended that Plaintiff's sexual harassment claim be dismissed without prejudice and that the motions to dismiss be denied as to the FMLA claim. Defendants objected to the Report and Recommendation, but Plaintiff filed no objections. Plaintiff has not communicated with the Court since January 2017.

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### B. Motion to Dismiss Under Rule 12(b)(1)

A motion to dismiss for lack of subject-matter jurisdiction filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of a court to adjudicate the matter before it. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). A challenge to subject-matter jurisdiction may contend either 1) that the complaint fails to allege facts sufficient to establish subject matter jurisdiction or 2) "that the jurisdictional allegations of the complaint [are] not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Where the sufficiency of the jurisdictional allegations in the complaint is challenged facially, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (2009). If, however the defendant contends "that the jurisdictional allegations of the complaint [are] not true," the plaintiff bears the burden to prove facts establishing jurisdiction and the district court may "decide disputed issues of fact." *Id.* In that case, because the plaintiff's allegations are not presumed true, "the court should resolve the relevant factual disputes only after appropriate discovery." *24th Senatorial Dist. Republican Comm. v. Alcorn*, 820 F.3d 624, 629 (4th Cir. 2016). And where "the jurisdictional facts and the facts central to a tort claim are inextricably intertwined," so that a challenge to the truth of the jurisdictional facts indirectly challenges the plaintiff's claims on the merits, "the trial court should ordinarily assume jurisdiction and proceed to the intertwined merits issues." *Kerns*, 585 F.3 at 193.

### C. Motion to Dismiss Under 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the

allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

#### A. HCH's motion to dismiss

#### 1. *Sexual harassment claim*

HCH moves to dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The Magistrate Judge recommends dismissal of Plaintiff's sexual harassment claim under Title VII because Plaintiff fails to allege sufficient facts to state a plausible claim for relief. Plaintiff has not alleged the identity of her employer, the identity of persons who harassed her, or any examples of harassment. Without those details, Plaintiff cannot plausibly allege harassment sufficiently severe or pervasive to create an abusive working

environment. *See Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761 (4th Cir. 2003) ("To state a hostile work environment claim, [the plaintiff] must allege that: (1) she experienced unwelcome harassment; (2) the harassment was based on her gender, race, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer."). The Magistrate Judge recommends dismissal without prejudice because Plaintiff may be able to cure the deficiency with a new complaint. The Court agrees fully with the recommendation of the Magistrate Judge and dismisses without prejudice Plaintiff's sexual harassment claims against HCH.

## 2. *FMLA claim*

There are two types of FMLA claims: interference claims, which allege violation of prescriptive FMLA rights, and retaliation claims, which allege violation of proscriptive FMLA rights. *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 546 (4th Cir. 2006). "To state a claim of interference with FMLA rights, the plaintiff must establish that "(1) she was an eligible employee, (2) the defendant was an employer as defined under the FMLA, (3) she was entitled to leave under the FMLA, (4) she gave the employer notice of her intention to take leave, and (5) the employer denied the employee FMLA benefits to which she was entitled." *Ainsworth v. Loudon Cty. Sch. Bd.*, 851 F. Supp. 2d 963, 975 (E.D. Va. 2012). "To state an FMLA retaliation claim, a plaintiff must establish that: (1) she engaged in a protected activity, (2) her employer took an adverse employment action against her, and (3) the adverse employment action was causally connected to the plaintiff's protected activity." *Id.* at 976.

Here, Plaintiff certainly fails to allege the first three elements of an FMLA interference claim. The Magistrate Judge, however, determined that Plaintiff had sufficiently alleged an FMLA retaliation claim, noting that "[w]hile Plaintiff's allegations as to her FMLA claim are sparse,"

Plaintiff has alleged that she attempted to engage in protected activity (requesting time off under the FMLA) and that her employer took adverse action against her which was causally connected to her protected activity.

HCH objects to the recommendation to deny its motion to dismiss Plaintiff's FMLA claims, arguing Plaintiff failed to allege the identity of her employer with regard to her FMLA claim just as she failed to allege it with regard to her sexual harassment claims. HCH also objects that Plaintiff failed to allege (1) that she was an eligible employee under FMLA, (2) that her employer was large enough to be covered by the FMLA, and (3) that she was entitled to leave under FMLA. (*See* Dkt. No. 33.)

The Court finds HCH's objections persuasive. Although it may appear HCH tracks the elements of an interference claim rather than a retaliation claim, the weight of authority holds that eligibility for benefits under the FMLA is necessary to state an FMLA retaliation claim. *See Moore v. Sears Roebuck & Co.*, No. 3:06CV255-RV/MD, 2007 WL 1950405, at *6 (N.D. Fla. July 2, 2007) ("[B]ecause the plaintiff was not an eligible employee under the FMLA, then she was not engaging in protected activity by requesting leave under the statute, and, consequently, she cannot satisfy the first element of her *prima facie* case. There is considerable case law support for this argument.") (collecting cases); *see also Gleaton v. Monumental Life Ins. Co.*, 719 F. Supp. 2d 623, 634 (D.S.C. 2010) (noting "[s]everal courts have found that an employer may not terminate an employee who has worked less than 12 months before requesting foreseeable future leave that the employee will be eligible for and entitled to at the time the leave is to begin, and that a termination of the employee under such circumstances can give rise to an FMLA retaliation claim" and that "this issue . . . is apparently one of first impression in this Circuit."). Here, Plaintiff has not alleged

entitlement under the FMLA to the requested leave. She therefore fails to allege a plausible claim that she was terminated in retaliation for her exercise of any FMLA rights.

The Court therefore grants HCH's motion to dismiss as to Plaintiff's FMLA claims. Because Plaintiff may be able to cure the deficiency with a new complaint, the Court dismisses Plaintiff's FMLA claims without prejudice.

**B.  Embassy Suites' motion to dismiss**

Embassy Suites moves to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing "this case should be dismissed because Plaintiff names as Defendant a non-existent entity, and this deprives the Court of jurisdiction over this action." (Dkt. No. 24-1 at 3.) Embassy Suites presents the Affidavit of Owen Wilcox in support of its motion; Mr. Wilcox avers "Embassy Suites by Hilton" and "Hilton" are "brands, not legal entities." (Dkt. No. 24-2 ¶ 4.) The Magistrate Judge recommends that Embassy Suites' legal capacity to be sued is not an issue of subject-matter jurisdiction and that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to Title VII and the FMLA.

The Court fully agrees with the Magistrate Judge's recommendation. Embassy Suites argues that, although Embassy Suites Management LLC manages the hotel where Plaintiff was employed, the misidentification of Embassy Suites Management LLC as Embassy Suites (Hilton) somehow deprives this Court of subject matter jurisdiction. But Plaintiff clearly has not named, as Embassy Suites argues, a "non-existent entity." The *pro se* Plaintiff was merely slightly off in naming the extant entity that manages the hotel where she worked.

Embassy Suites also moves to dismiss under Rule 12(b)(6). The deficiencies identified with the claims against HCH, supra, apply equally to the same claims asserted against Embassy Suites. The Court therefore dismisses Plaintiff's claims against Embassy Suites without prejudice.

Finally, the Magistrate Judge recommends setting a deadline for filing a motion to amend the complaint. Because the Court dismisses without prejudice the complaint in its entirety, however, there is no need to set a deadline for amending the complaint. Plaintiff may file a new complaint at any time within the applicable limitations period.

**IV.     Conclusion**

For the foregoing reasons, the Court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the Report and Recommendation of the Magistrate Judge (Dkt. No. 31). The Court **GRANTS** Defendants' motions to dismiss (Dkt. Nos. 18 & 24.) The complaint is **DISMISSED WITHOUT PREJUDICE.**

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 2, 2017
Charleston, South Carolina